Marguerite Springer, Executrix, Defendant in Error,
v. John T. Simpson, Plaintiff in Error.

## Gen. No. 17,622.

1. Appeals and errors—*municipal court.* A matter not stated in an affidavit of merits stating the nature of his defenses cannot be urged by defendant in the appellate court as a ground of reversal.

2. Partnership—*individual liability.* Where a lease with an alleged copartnership is signed by one member only, action may be maintained on the covenants thereof against such member alone.

Error to the Municipal Court of Chicago; the Hon. George J. Cowing, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed December 17, 1912.

Ullman, Hoag & Davidson, for plaintiff in error.

E. M. Bumphrey, for defendant in error.

Mr. Justice F. A. Smith delivered the opinion of the court.

Warren Springer sued the plaintiff in error, John T. Simpson, in the Municipal Court of Chicago for damages to a building owned by Springer, caused by an explosion in the basement of the building which injured the building. A portion of the basement of the building was, on April 30, 1909, leased to the plaintiff in error, Simpson, by Warren Springer. The lease contained covenants and agreements on the part of Simpson not to permit the premises to be used for any purpose that would injure the building of which the demised premises were a part, and that he would not use or permit to be used any burning fluid, and would not put up or use or permit to be used any furnace or forge on the premises without the written consent of Springer, and that he would maintain all machinery and appliances permitted in the premises in

such manner as not to injure the premises or building or any other property, and covenanted to pay any and all damages to the premises and appurtenances, or to any other property to the first party caused in whole or in part by the act or neglect of said plaintiff in error.

The statement of claim filed by Springer in the action charged that in violation of the covenants and conditions of the lease, plaintiff in error went into possession of the premises, and without the consent of ·Springer allowed the demised premises to be used by a subtenant of said Simpson for conducting a business in which Lieber, the subtenant, used an acetylene gas apparatus for welding purposes; that the gas machine exploded, damaging the premises and parts of the building not demised, and that Simpson, after notice, failed to make the needed repairs.

Plaintiff in error, defendant below, filed his affidavit of meritorious defense in which he averred that he believed he has a good defense to the suit upon the merits to a portion of the plaintiff's demand as thereinafter stated, and that the nature of the defense was as follows: He admits that an explosion took place on the premises about April 7, 1910, and states that it occurred through no breach of the covenants contained in the lease; that plaintiff waived the covenants in the lease requiring the tenant to procure the written consent of plaintiff to subletting the premises; that plaintiff knew for a long time prior to said explosion that the defendant, plaintiff in error, had sublet a part of the premises to Lieber for repairing metal and machinery, and that Lieber explained to the plaintiff Springer the process for doing repairing and welding, and that plaintiff had full knowledge of Lieber's presence and the business Lieber was conducting.

It appears that the lease in question bore date of April 30, 1909, and purported to be between Warren Springer as party of the first part, and Simpson-Ashton, a copartnership, as the second party. The lease

was signed and sealed by Springer and by plaintiff in error in his own name. It does not appear that Ashton signed the lease. Plaintiff recovered a judgment in the court below for $739.25 damages on a finding of the court, a jury having been waived.

Plaintiff in error urges as a ground of reversal that a lease running to a copartnership signed by one of the copartners alone did not make it the lease of plaintiff in error. In our opinion the point is not well taken, and, moreover, it cannot be urged as a ground of reversal for the reason that it was not stated as one of the defenses in the affidavit of the plaintiff in error. Rule 17 of the Municipal Court of Chicago requires the defendant to state the nature of his defense whether by way of denial or by way of confession and avoidance in such manner as will reasonably inform the plaintiff of the defenses which will be interposed at the trial, and evidence only of such defenses as set out in the affidavit shall be admitted on the trial. The defendant cannot be allowed to urge in this court as a defense matters not mentioned in the affidavit or insisted upon in the trial court.

In our opinion, the action could be maintained against plaintiff in error alone upon the covenants of the lease which purported to lease the premises to what is now claimed to be a copartnership of which the plaintiff in error was a member, the lease having been signed by plaintiff in error alone. The entire evidence being considered sustains the claim of the plaintiff in our opinion, and the finding and judgment of the trial court. We do not find in the record any evidence tending to show that Warren Springer waived any of the provisions of the lease, either in writing or by his conduct. The judgment is affirmed.

*Affirmed.*